UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| vs. | CRIMINAL NO. 3:22-MJ-489(SDV) |
| JAKE FLEWELLYN | December 20, 2022 |

**DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE**

Mr. Jake Flewellyn respectfully requests that this Court modify his conditions of release to (1) modify his conditions of release from home detention with location monitoring to curfew with location monitoring (the type of location monitoring and the curfew times to be determined by the Probation Office), (2) allow him to travel to Pound Ridge, New York solely for his employment, and (3) allow him to obtain a smartphone with monitoring software installed by the Probation Office. The basis for this request is set forth herein.

1. Mr. Flewellyn was arrested and charged by complaint on May 11, 2022 with one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and one count of accessing with intent to view child pornography, in violation of 18 U.S.C. § 2252(a)(5)(b). Doc. No. 1.

2. At Mr. Flewellyn's initial appearance on May 11, 2022, he was released on a $100,000 unsecured bond to the custody of his father on home detention with GPS monitoring. Doc. No. 9. Mr. Flewellyn is allowed out of his home only for limited purposes, including work, education, religious services, and treatment. The Court also approved and granted limited permission to attend two specific events, both of which occurred without incident. Specifically, in September, the Court granted Mr. Flewellyn permission to attend a wedding, and in November, the Court granted Mr. Flewellyn permission to attend Thanksgiving dinner at a relative's home.

3. For over seven months, Mr. Flewellyn has complied with all the strict conditions of his release and spent a significant amount of time confined to his home. Home detention is no longer necessary, and he now respectfully requests some freedom. He would like to continue to demonstrate that he can live a successful and law-abiding life. He has been in treatment for the first time in his life and has been fully engaged in it. Undersigned counsel spoke to his treatment provider, Bill Hobson, who indicated that he supported this motion and confirmed that Mr. Flewellyn has been an active participant in both individual and group treatment sessions.

4. Mr. Flewellyn also found full-time employment with a catering company in Norwalk, Connecticut. Mr. Flewellyn works in food prep, as a dishwasher, and a delivery person for the company, doing what he described as "a little bit of everything." The company, however, has a client that they deliver to in Pound Ridge, New York once or twice a week, which is out of Mr. Flewellyn's currently allowable radius. Mr. Flewellyn would inform Probation of any scheduled deliveries to Pound Ridge, New York, including the date and time of such deliveries and planned travel. He will also be able to verify the deliveries with delivery receipts.

5. Finally, Mr. Flewellyn requires a smartphone to better communicate with Probation, his employer, and his family, including his third-party custodian. The following condition, suggested by Probation, would clarify the current conditions and allow Mr. Flewellyn to obtain such a phone: "The defendant is permitted to possess one internet-capable device, which will be subject to monitoring with software at the discretion of the U.S. Probation and Pretrial Services Office. The defendant shall pay the cost associated with monitoring, based on the defendant's ability to pay."

6. Mr. Flewellyn proposes that all other conditions of release would remain the same, including the requirement that he remain on location monitoring services, the type of which to be determined by the Probation Office.

7. Undersigned counsel has consulted with Mr. Flewellyn's Probation Officer, Michael Dorn, who has indicated that he does not object to this motion. Undersigned counsel has also consulted with AUSA Robert Dearington, who has indicated that the government does not object to this motion as to the modifications for travel to Pound Ridge, New York and for a monitored smartphone. The government defers to the Court as to the proposed modification from home detention to curfew.

8. In light of the above, Mr. Flewellyn respectfully requests that the Court modify his conditions of release to (1) curfew with the times of such curfew set at the discretion of the Probation Office, (2) allow him to travel out of his restricted radius to Pound Ridge, New York solely as part of his current employment, and (3) obtain a monitored smartphone.

    Respectfully submitted,

    THE DEFENDANT
    JAKE FLEWELLYN

    FEDERAL DEFENDER OFFICE

    /s/ Allison Kahl
    Allison Kahl
    Assistant Federal Defender
    265 Church Street, Suite 702
    New Haven, CT 06510
    Phone: (203) 498-4200
    Bar No.: phv206792
    Email: allison_kahl@fd.org

CERTIFICATION OF SERVICE

      This is to certify that on December 20, 2022, a copy of the forgoing was filed electronically via the Court's CM/ECF system, and by that system, counsel for the Government has been provided with a copy of the forgoing.

                                      /s/Allison N. Kahl
                                      Allison N. Kahl